In the Matter of IRWIN SLATER, Petitioner, against FRANK S. HOGAN, as District Attorney of the County of New York, Respondent.

Supreme Court, Special Term, New York County, June 2, 1950.

*Irwin Slater,* petitioner in person.

*Frank S. Hogan, District Attorney* (*Alexander Herman, Ernest Mitler* and *William Hoffen* of counsel), respondent.

STEUER, J. Petitioner seeks removal of the trial of a criminal indictment from the Court of General Sessions to this court pursuant to section 344 of the Code of Criminal Procedure. This section authorizes such a removal "for good cause shown." The cause relied upon by petitioner is that the trial will present

novel and weighty questions, principally of law, with which this court is better equipped to deal than the Court of General Sessions. The indictment is pursuant to section 487-a of the Penal Law, a statute dealing with the unauthorized placing out of children for adoption. As the statute is new, questions arising under it are likely to be novel. And as these questions involve practices in adoption, possibly involving practices heretofore countenanced, they are also likely to be weighty.

But petitioner's conclusion does not necessarily follow from these facts. There is absolutely no basis for an assumption that a weighty or difficult question cannot be adequately resolved in the Court of General Sessions and such questions upon topics familiar and unfamiliar are constantly being disposed of there. Familiarity with the subject matter of the charge is not a particular attribute of the Supreme Court. While questions relative to adoption arise there, as questions relating to virtually every phase of legal process do, there is no such great frequency as to presuppose any peculiar knowledge derived from habitual association.

The " good cause " required by the statute has not received extended judicial exposition, but the current viewpoint appears to be that something of a very unusual nature must be shown before routine should be disturbed by removing a case from its natural forum (see *People* v. *Fay,* 268 App. Div. 135).

Motion denied.